UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEQUAITA DANSHEL DARRINGTON            CIVIL ACTION

VERSUS                                 NO. 17-3139

BP EXPLORATION &                       SECTION M (4)
PRODUCTION INC., *et al.*

## ORDER & REASONS[1]

Before the Court is a *Daubert* motion *in limine* to exclude the general causation opinions

of plaintiff's medical expert Dr. Jerald Cook filed by defendants BP Exploration & Production

Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean

Holdings LLC, Transocean Deepwater, Inc., and Transocean Offshore Deepwater Drilling, Inc.

(collectively, "Defendants").[2]  Plaintiff Lequaita Danshel Darrington responds in opposition.[3]

---

[1] On July 14, 2022, this Court denied plaintiff's motion to disqualify the undersigned from these proceedings.
R. Doc. 45.  On August 15, 2022, plaintiff filed a notice of appeal (R. Doc. 50) from the Court's July 14, 2022 Order
& Reasons, even though it is plainly an interlocutory order, not a final judgment.  "The filing of a notice of appeal is
an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of
its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S.
56, 58 (1982).  The district court retains jurisdiction, however, when the notice of appeal relates to an order that is not
immediately appealable. *Id.* (citing *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (holding that notice
of appeal from unappealable order does not divest district court of jurisdiction)); *see also McCullough v. Pa. Bd. of
Prob. & Parole*, 831 F. App'x 50, 51 n.2 (3d Cir. 2020) (observing that "the jurisdiction of a district court is not lost
by the taking of an appeal from an order or judgment which is not immediately appealable").  An order denying a
motion to recuse is not immediately appealable. *In re Burch*, 2022 WL 1117701, at *2 (5th Cir. Apr. 14, 2022)
(holding that appellate court lacked jurisdiction to consider appeal from denial of a motion to recuse "because
'questions concerning the disqualification of judges are not immediately appealable'") (quoting *Terrell v. City of El
Paso*, 176 F. App'x 621, 622 (5th Cir. 2006) (alteration omitted); *Willis v. Kroger*, 263 F.3d 163, 2001 WL 803724,
at *1 (5th Cir. 2001) ("The denial of a recusal motion is not an appealable interlocutory order or an appealable
collateral order."); *Nobby Lobby, Inc. v. City of Dall.*, 970 F.2d 82, 86 n.3 (5th Cir.1992) ("[T]he [defendant] must
await final judgment to appeal the judge's refusal to recuse himself."); *In Re Corrugated Container Antitrust Litig.*,
614 F.2d 958, 960-61 (5th Cir.1980) ("Disqualification questions are fully reviewable on appeal from final
judgment."); *In re Moerbe*, 2005 WL 3337634, at *3 (W.D. Tex. Sept. 1, 2005) ("[O]rder denying a motion to recuse
or disqualify a judge is interlocutory, not final, and is not immediately appealable.").  Because the July 14, 2022 Order
& Reasons denying plaintiff's motion to recuse was interlocutory and not immediately appealable, this Court retains
jurisdiction over this case.
[2] R. Doc. 47.
[3] R. Doc. 52.

Also before the Court is Defendants' motion for summary judgment in which they argue that the case should be dismissed because Darrington cannot prove general causation without Cook's opinions.[4]  Darrington responds in opposition.[5]

Defendants' motions here are nearly identical to those filed by Defendants, and granted by this Court, in other B3 cases.[6]  *See, e.g., Carpenter v. BP Expl. & Prod., Inc.*, 2022 WL 2757416 (E.D. La. July 14, 2022); *Johns v. BP Expl. & Prod. Inc.*, 2022 WL 1811088 (E.D. La. June 2, 2022); *Johnson v. BP Expl. & Prod. Inc.*, 2022 WL 1811090 (E.D. La. June 2, 2022); *Macon v. BP Expl. & Prod. Inc.*, 2022 WL 1811135 (E.D. La. June 2, 2022); *Murray v. BP Expl. & Prod. Inc.*, 2022 WL 1811138 (E.D. La. June 2, 2022); *Street v. BP Expl. & Prod. Inc.*, 2022 WL 1811144 (E.D. La. June 2, 2022).

Accordingly, for the reasons stated in the Orders & Reasons issued in those cases,

IT IS ORDERED that Defendants' *Daubert* motion to exclude Cook (R. Doc. 47) is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (R. Doc. 46) is GRANTED, and Darrington's claims against them are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 19th day of August, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[4] R. Doc. 46.
[5] R. Doc. 51.
[6] Dr. Cook updated his report on June 21, 2022.  R. Doc. 47-4.  The Court has reviewed the new report and concludes that it does not cure the previously identified deficiencies in Cook's prior reports; specifically, the June 21 report does not provide admissible general causation opinions.  *Id.*